IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOSEPHINE COUNTY,

Plaintiff,

v.

STATE OF OREGON and
ATTORNEY GENERAL ELLEN F.
ROSENBLUM,

Defendants.

Case No. 1:18-cv-00566-CL

REPORT AND RECOMMENDATION

CLARKE, Magistrate Judge.

Plaintiff Josephine County brings claims for declaratory and injunctive relief against the State of Oregon, asserting that several state laws, ballot measures, and a house bill, all regarding the production of marijuana, are preempted by the federal Controlled Substances Act. The case comes before the Court on the defendant's motion to dismiss (#5) for lack of subject matter jurisdiction. For the reasons below, the motion should be GRANTED and this case should be dismissed.

Page 1 – REPORT AND RECOMMENDATION

## FACTUAL BACKGROUND

According to Plaintiff's Complaint (#1), four different state laws are being challenged as incompatible and preempted by federal law. Ballot Measure 67, which purported to decriminalize the use, possession, and cultivation of medical marijuana, was approved by Oregon voters on November 3, 1998. Compl. ¶ 8. Ballot Measure 91, which purported to decriminalize the use, possession, and cultivation of recreational marijuana, was approved by Oregon voters on November 4, 2014. Compl. ¶ 9. House Bill 3400, giving local governments the authority to adopt reasonable "time, place, and manner" regulations for the production, cultivation, and use of recreational and medical marijuana, was signed by Oregon's governor on June 30, 2015. The "time, place, and manner" regulations are codified as ORS 475B.486 and ORS 475B.928 for recreational and medical marijuana, respectively. Compl. ¶ 10.

In the spring of 2017, Plaintiff Josephine County sent to the May 16 election ballot the following non-binding question: "In your opinion, should Josephine County prohibit the production of commercial, recreational marijuana in all Rural Residential zones?" Out of 26,262 returned ballots, 17,240 (63.85%) were marked "Yes." Compl. ¶ 14. In July, 2011 Plaintiff began the process of regulating marijuana production in rural residential zones. At a public hearing on July 19, 2017 Plaintiff outlined and adopted Order No. 2017-034 which authorized the Community Development Director to initiate the process for regulating the production of marijuana in rural residential zones. Ordinance 2017-002 ultimately resulted from that Order. Compl. ¶ 15. Ordinance 2017-002 was subject to four public hearings: September 20, 2017; November 1, 2017; November 29, 2017; and December 6, 2017. Public comments supporting and opposing the Ordinance were entered at all hearings. Compl. ¶ 16. Plaintiff's Board of County Commissioners adopted Ordinance 2017-002 on December 6, 2017. The ordinance

would have allowed for continued marijuana production throughout Josephine County, but would have limited the amount of marijuana that could be produced upon properties located in Rural Residential zones. Compl. ¶ 17.

The Ordinance was to go into effect on March 6, 2018. On December 1, 2017 a group of petitioners filed, through counsel, a Notice of Intent to Appeal with the Oregon Land Use Board of Appeals ("LUBA"), alleging that the Ordinance eviscerated "nonconforming use rights" under ORS 215.130, that the County did not provide the proper notice of a land use change under ORS 215.503, and that the Ordinance was an unreasonable exercise of Plaintiff's authority to impose reasonable "time, place and manner" regulations on marijuana production under ORS 475B.486 and ORS 475B.928. Compl. ¶ 18. LUBA issued its final order and opinion on March 14, 2018. LUBA remanded Ordinance 2017-002 to Plaintiff, ruling that the county had not substantially complied with the requirements of ORS 215.503 regarding notice of a potential land use change. The county has petitioned the Oregon Court of Appeals for judicial review of LUBA's final order. Compl. ¶ 21.

## LEGAL STANDARD

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (FRCP), the Court must dismiss a claim if the plaintiff fails to plead or establish subject-matter jurisdiction. Plaintiff has the burden to plead and establish that the court has subject-matter jurisdiction. Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770 (9th Cir. 2000). When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the Court may consider affidavits or other evidence regarding the question of jurisdiction. Autery v. United States, 424 F.3d 944, 956 (9th Cir. 2005).

Article III standing is a threshold jurisdictional question in every case before a federal court. *Warth v. Seldin*, 422 U.S. 490, 517-18 (1975). Before the judicial process may be invoked, a plaintiff must show that the facts alleged present the court with a justiciable "case or controversy" in the constitutional sense and that it is a "proper plaintiff to raise the issues sought to be litigated." *Linda-R.S. v. Richard D.*, 410 U.S.614, 616 (1973). A party seeking to invoke the court's authority must demonstrate "'such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of the issues upon which the court so largely depends.'" *McMichael v. County of Napa,* 709 F.2d 7268, 1269 (9th Cir. 1983) (quoting *Baker v. Carr*, 369 U.S. 186,204 (1962)). In *City of Los Angeles v. Lyons*, 461 U.S. 95, 107-08 (1983), the Supreme Court held that Article III's case and controversy requirement precludes federal courts from considering claims for equitable relief, including injunctions or declaratory judgments, unless the plaintiff can demonstrate that the threat of future injury is both real and immediate, not conjectural or hypothetical. A plaintiff s subjective fear of future injury is irrelevant. *Lyons*, 461 U.S. at 107 n.8.

## DISCUSSION

Josephine County brings claims against the State of Oregon, claiming that state laws and regulations regarding the use, possession, and cultivation of medical and recreational marijuana are preempted by the federal Controlled Substances Act ("CSA"). As discussed below, Josephine County lacks standing to sue the state in federal court. Additionally, there is no justiciable case or controversy for the Court to resolve. Therefore the defendant's motion should be granted and this case should be dismissed.

**I.     Josephine County, as a political subdivision of the State of Oregon, lacks standing to sue the State in Federal Court.**

The Ninth Circuit has long held that a political subdivision of a state lacks standing to challenge a state law in federal court on supremacy grounds. *See City of South Lake Tahoe v. Cal. Tahoe Reg'l Planning Agency*, 625 F.2d 231, 233 (9th Cir. 1980) (explaining that "[p]olitical subdivisions of a state may not challenge the validity of a state statute" in a federal court on federal constitutional grounds) (quoting *City of New York v. Richardson*, 473 F.2d 923, 929 (2nd Cir. 1973)). While other circuits have carved out exceptions to this rule, the Ninth Circuit, so far, has not done so. *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) ("This court. . . has not recognized any exception to the per se rule, and the broad language of *South Lake Tahoe* appears to foreclose the possibility of our doing so."); *see also Palomar Pomerado Health Sys. v. Belshe* 180 F.3d 1104, 1107 (1999) (explaining that the rule of *South Lake Tahoe* applies to both Fourteenth Amendment and Supremacy Clause claims).

In *Palomar Pomerado*, the court determined that a local health care district was a political subdivision of the state of California. The court noted that the district was "a creature of the state. . . [which] continues to exist at the pleasure of the state, its legislature, and its citizens. [It's] powers are limited to those granted by the state." 180 F.3d at 1108. Additionally, it noted that "Palomar Pomerado possesses and exercises governmental functions. Accordingly, Palomar Pomerado is a political subdivision for purposes of the standing doctrine." *Id.*

Plaintiff contends that this case can be distinguished from *Palomar Pomerado* and the rest of the case law above due to the fact that Josephine County is a "home rule" county. Specifically, Plaintiff asserts that the home rule status of the county means that it does not exists "at the pleasure" of the state and that it has the power to legislate all matters of local interest without intervention from the state. Regardless of these distinctions, however, there can be no

dispute that Josephine County is a political subdivision of the State of Oregon. Therefore, the Court need not consider exactly how the state legislature grants authority to the county, or whether the home rule status of the county changes the nature of that authority, or whether the County "exists at the pleasure of the state." Certainly there is no question that Josephine County "possesses and exercises governmental functions."

As a political subdivision of the State of Oregon, Josephine County lacks standing to sue the State under the Supremacy Clause. There are no exceptions to this rule within the Ninth Circuit. All of the claims in the complaint against the State challenge state laws on federal supremacy grounds. These claims should be dismissed.

## II. No justiciable case or controversy exists between the parties.

Even if this Court could somehow carve out an exception to the standing issue above, the case should still be dismissed for lack of a justiciable case or controversy because the State of Oregon has not prohibited Josephine County from enacting the regulations the County wants to enact.

According to the Complaint, Josephine County attempted to enact Ordinance 2017-002, which would have allowed for continued marijuana production throughout Josephine County, but would have limited the amount of marijuana that could be produced upon properties located in Rural Residential zones. The Oregon Land Use Board of Appeals did not substantively overturn the ordinance, but remanded it due to deficiencies in the notice provided to landowners. Indeed, the State has allowed similar ordinances in other counties. *See, e.g., Diesel v. Jackson County,* 284 Or. App. 301 (2017) (concluding that ordinance precluding commercial marijuana production on all rural residential land in Jackson County was a reasonable time, place, and manner restriction). Other than Ordinance 2017-002, Josephine County has not alleged that any

other action it has taken or attempted to take has been disallowed by the State of Oregon. Unless and until the State substantively prohibits the County from enacting a regulatory ordinance, there is no controversy for this Court to address.

Additionally, Plaintiff's fourth claim for relief seeks a declaratory judgment that "abiding the CSA" cannot be the basis for a charge of official misconduct pursuant to ORS 162.405. As discussed above, federal courts are precluded from considering claims for equitable relief, including injunctions or declaratory judgments, unless the plaintiff can demonstrate that the threat of future injury is both real and immediate, not conjectural or hypothetical. A plaintiff's subjective fear of future injury is irrelevant. *Lyons*, 461 U.S. at 107 n.8. Plaintiff has not alleged any real or immediate threat of injury – there is no allegation regarding any official's planned actions that may expose them to charges of misconduct, nor is there any allegation that any State official has indicated charges will be brought against Josephine County officials. Therefore such a "threat of prosecution" is wholly speculative and the Court is precluded from considering such a claim.

Finally, on a practical rather than legal note, the Court is unpersuaded by Josephine County's argument that the State is "requiring" it to "aid and abet a federal felony." The County has provided no evidence to the Court that it has attempted to ban any and all marijuana use and production, as would be theoretically required by full compliance with the CSA. Instead, the County merely seeks to limit the use and production in rural residential zones, while continuing to allow marijuana use and production in other instances. Apparently the County is only worried about aiding and abetting federal felonies on certain kinds of land and not others. While the courts may, at some point in the future, have to grapple with the conflict between state and

federal laws regarding marijuana, the issue must be properly presented and ripe for adjudication. Such is not the case in this instance.

## RECOMMENDATION

For the reasons stated above, the defendant's motion (#5) should be GRANTED and the case should be dismissed.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* Fed. R. Civ. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this ___30___ day of August, 2018.

MARK D. CLARKE
United States Magistrate Judge